**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 22-cv-60034-BLOOM/Otazo-Reyes**

UNITED STATES OF AMERICA,

      Plaintiff,

v.

APPROXIMATELY $200,060.00 IN SEIZED
U.S. CURRENCY,

      Defendant.

_____/

**ORDER DENYING THE UNITED STATES'**
**MOTION TO STRIKE FARHAD NASIBOV FOR LACK OF STANDING**

      **THIS CAUSE** is before the Court upon Plaintiff United States' ("Plaintiff") Motion to Strike Farhad Nasibov for Lack of Standing, ECF No. [13] ("Motion"). Claimant Farhad Nasibov ("Nasibov") filed a Response, ECF No. [18], to which Plaintiff filed a Reply, ECF No. [19]. The Court has reviewed the Motion, the record in this case, and the applicable law, and is otherwise fully advised. For the reasons discussed below, the Motion is denied.

**I.       BACKGROUND**

      On January 5, 2022, Plaintiff initiated this action seeking forfeiture of approximately $200,060.00 in currency ("Verified Complaint"). *See generally* ECF No. [1]. On February 9, 2022, the Court ordered Plaintiff to serve notice upon any person known to claim any interest in the seized property. ECF No. [5]. On February 10, 2022, Plaintiff sent Nasibov a direct notice letter informing him of the forfeiture action ("Notice"). ECF No. [6].

      On March 23, 2022, Nasibov filed an Answer to Plaintiff's Complaint for Forfeiture *in Rem* ("Answer"). ECF No. [8]. However, he did not file a verified claim.

On May 24, 2022, Plaintiff filed the instant Motion to strike Nasibov's Answer, alleging that Nasibov lacks statutory standing because he failed to timely file a verified claim. ECF No. [13].

On May 25, 2022, Nasibov filed a Notice of Filing in response to Plaintiff's Motion. ECF No. [15]. Nasibov's Notice of Filing contains a copy of a Verified Amended Claim that Nasibov sent to the U.S. Department of Justice on October 6, 2021. ECF No. [15-1].

The Court deemed Nasibov's Notice of Filing to be an insufficient response to Plaintiff's Motion to Strike, so the Court Ordered Nasibov to file a response. ECF No. [17]. Nasibov responded on June 17, 2022. ECF No. [18]. He opposes Plaintiff's Motion on the grounds that Plaintiff has long been aware of Nasibov's claim to the property and has not been prejudiced by Nasibov's late filing, so striking Nasibov would be an unnecessarily harsh result. *Id*. at 1-3.

On June 24, 2022, Plaintiff filed its Reply. ECF No. [19]. Therein, Plaintiff argues that Nasibov's filing of his claim "in an administrative forfeiture action is insufficient to confer standing in a judicial proceeding." *Id*. at 2 (citing *United States v. Connolly*, 694 F. App'x 10, 13 (2d Cir. 2017). Plaintiff argues that Nasibov should not be excused for his failure to timely file a verified claim, particularly in light of the multiple notices and warnings that Plaintiff purportedly sent him. *Id.* at 3.

## II.    LEGAL STANDARD

"Section 983(a)(4) and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") govern civil forfeiture actions and establish the statutory standing requirements for contesting forfeiture." *United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 819 (11th Cir. 2009). After initiating a forfeiture action, the government must "send notice of the action and a copy of the complaint to any person who reasonably appears to be

a potential claimant[.]" Supp. Rule G(4)(b)(i). That notice must state "(A) the date when the notice is sent; (b) a deadline for filing a claim, at least 35 days after the notice is sent; (C) that an answer or a motion . . . must be filed no later than 21 days after filing the claim; and (D) the name of the government attorney to be served with the claim and answer." *Id*. at (4)(b)(ii).

An individual who wants to intervene in a civil forfeiture action, known as a claimant, is "required to file both a verified claim asserting their interest in the seized property and an answer to the government's forfeiture complaint." *$12,126.00 in U.S. Currency*, 337 F. App'x at 819. The verified claim must "(A) identify the specific property claimed; (B) identify the claimant and state the claimant's interest in the property; (C) be signed by the claimant under penalty of perjury; and (D) be served on the government's attorney designated under Rule G(4)(a)(ii)(C) or (b)(ii)(D)." Supplemental Rule G(5)(a)(i).

To be timely, a verified claim must be filed in the civil forfeiture action by the deadline stated in the government's notice sent to potential claimants. *Id.* at (5)(a)(ii)(A). A district court has discretion to extend the deadlines for claimants to file both claims and answers, but "it may also insist on strict compliance with the Supplemental Rules." *$12,126.00 in U.S. Currency*, 337 F. App'x at 819. "[C]laimants must strictly adhere to the procedural requirements of the Supplemental Rules to achieve statutory standing to contest a forfeiture action." *Id.* at 820. Accordingly, "the government may move to strike a forfeiture claim at any time before trial for failure to comply with Rule G(5) or for lack of standing." *Id.*

## III.   ANALYSIS

Plaintiff contends that Nasibov failed to timely file a verified claim in this action, as required by Supplemental Rule G(5), so he lacks statutory standing in this forfeiture action. ECF No. [13] at 5-6. Nasibov responds that his standing derives from his filing of a verified claim with

the Department of Justice in October 2021, Nasibov's filing of his Answer on March 23, 2022, or Nasibov's Notice of Filing on May 25, 2022. ECF No. [18] at 1-2.

Plaintiff is correct that Nasibov's filing with the Department of Justice does not confer standing in this judicial proceeding. *See Connolly*, 694 F. App'x at 13. Plaintiff is also correct that Nasibov's Answer is insufficient to confer statutory standing because Supplemental Rule G(5) requires the filing of both a claim and an answer. *See $12,126.00 in U.S. Currency*, 337 F. App'x at 819.

However, apart from untimeliness, the Government has not pointed to any deficiency in the Amended Claim that Nasibov attached to his Notice of Filing on May 25, 2022. ECF No. [15-1]. Upon review of that document, the Court finds that it identifies the specific property claimed ($200,060.00 in U.S. Currency); the claimant (Farhad Nasibov); the claimant's interest in the property; is signed under penalty of perjury; and was served on the designated government attorney (via CM/ECF). *See* ECF No. [15-1] at 3-5; Supplemental Rule G(5)(a)(i)(A)-(D). Thus, the Court finds that Amended Claim meets the substantive requirements of a verified claim.

As to timeliness, Nasibov was required to file his claim "by the time stated in" Plaintiff's Notice. Supp. Rule G(5)(a)(ii)(A). Plaintiff asserts that the Notice sent on February 10, 2022, explained "that the deadline for filing a claim is 'thirty-five (35) days after the letter was sent.'" ECF No. [2] ¶ 4 (citing "Exhibit A – Direct Notice Letter").[1]

Upon examination of the Notice, the Court finds that Plaintiff has not accurately advised of its contents with respect to the deadline for filing a claim. The Notice does not explain that the deadline is "thirty-five (35) days after the date the notice was sent." ECF No. [2] ¶ 4. It states precisely the opposite: "A person asserting an interest . . . must file a verified claim at least

---

[1] Plaintiff failed to file a copy of that Notice with its Motion, but Plaintiff subsequently filed it with its Reply. ECF No. [19-1].

thirty-five (35) days after this letter was sent[.]" ECF No. [19-1]. The Notice contains no other statement regarding a deadline. The only reasonable interpretation of the Notice's time requirement is that Nasibov could file a verified claim whenever he chose, as long as he did so "at least thirty-five (35) days after" the Notice was sent. *Id*. In other words, the Notice directs potential claimants to wait "at least" 35 days before filing a claim; it contains no deadline at all.

 In filing his Amended Claim on May 25, 2022, Nasibov has complied with the "the time stated in" the Notice, and his Amended Claim is timely under Supplemental Rule G(5)(a)(ii)(A).

This analysis is arguably complicated by 18 U.S.C. § 983(a)(4)(A), which provides that a "claim may be filed not later than 30 days after the date of service of the Government's complaint[.]" Plaintiff asserts that Nasibov received the complaint on January 7, 2022, so his deadline under § 983(a)(4)(A) was February 6, 2022. ECF No. [13] at 5. But Plaintiff did not file a proof of service. Regardless, given Plaintiff's failure to set forth a deadline in its Notice, as required by Supplemental Rule G(4)(b)(ii) and the Court's Order of February 9, 2022, ECF No. [5] at 1, the Court finds it necessary to "extend the filing period" up to and including May 25, 2022, the date that Nasibov filed his Amended Claim. *$12,126.00 in U.S. Currency*, 337 F. App'x at 819; *see also United States v. $125,938.62*, 370 F.3d 1325, 1329 (11th Cir. 2004) (setting forth factors a district court may should consider when determining to extend the filing period).

Accordingly, the Court concludes that Nasibov has filed an Answer and a Verified Claim in compliance with the statutory requirements. He therefore has standing, and there is no cause for his Answer to be stricken.

## IV.    CONCLUSION

Accordingly, it is **ORDERED and ADJUDGED** as follows:

1.  The Motion to Strike, **ECF No. [13]**, is **DENIED.**

Case No. 22-cv-60034-BLOOM/Otazo-Reyes

2.  The Court will separately issue an amended schedule.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 26, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

6